IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

MARY H. MCKEE,

       Plaintiff,                                    JURY TRIAL DEMANDED

v.                                                    Case No: 3:06-cv-00357

FSC SECURITIES CORPORATION,
PUTNAM INVESTMENTS, INC., n/k/a
      PUTNAM, LLC,
PUTNAM MUTUAL FUNDS CORP., n/k/a
      PUTNAM RETAIL MANAGEMENT LIMITED PARTNERSHIP,
ITT HARTFORD GROUP, INC., n/k/a
      THE HARTFORD FINANCIAL SERVICES GROUP, INC.,
ITT HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, n/k/a
      HARTFORD LIFE AND ANNUITY INSURANCE COMPANY,
HARTFORD LIFE INSURANCE COMPANY,
HARTFORD LIFE, INC., and
HARTFORD SECURITIES DISTRIBUTION COMPANY, INC.,

        **Defendants.**
_____/

## FIRST AMENDED COMPLAINT

Plaintiff Mary H. McKee, through her undersigned counsel, hereby sues Defendants FSC Securities Corporation, Putnam Investments, Inc., n/k/a Putnam, LLC, Putnam Mutual Funds Corp., n/k/a Putnam Retail Management Limited Partnership, ITT Hartford Group, Inc., n/k/a The Hartford Financial Services Group, Inc., ITT Hartford Life and Annuity Insurance Company, n/k/a Hartford Life and Annuity Insurance Company, Hartford Life Insurance Company, Hartford Life, Inc., and Hartford Securities Distribution Company, Inc., and alleges:

## GENERAL ALLEGATIONS

1.      Plaintiff is a North Carolina citizen and is 79 years old. She was married for thirty-eight years before her husband, an illustrator/draftsman for Western Electric, passed away in 1992. She has only a high school education and was a full-time homemaker. At the time of the transactions at issue in this proceeding, she was beginning to suffer from mild dementia with short term memory loss.

2.      Defendant FSC Securities Corporation ("FSC") is a Delaware corporation with its principal place of business in Georgia.

3.      Defendant Putnam Investments, Inc., was a Delaware corporation with its principal place of business in Massachusetts. After the transactions at issue in this proceeding, Putnam Investments, Inc., was reorganized and merged into its successors, Putnam Investments, LLC, and Putnam, LLC (together "Putnam Investments"). Putnam Investments, LLC, and Putnam, LLC, are Delaware limited liability companies with principal places of business in Massachusetts.

4.      Defendant Putnam Mutual Funds Corp. ("Putnam Mutual") was a Massachusetts corporation with its principal place of business in Massachusetts. After the transactions at issue in this proceeding, Putnam Mutual changed its name to Putnam Retail Management, Inc., a Massachusetts corporation with its principal place of business in Massachusetts. Putnam Retail Management, Inc., in turn was converted and reorganized into Putnam Retail Management Limited Partnership, a Massachusetts limited partnership with its principal place of business in Massachusetts (together "Putnam Retail").

5. Putnam Mutual, Putnam Retail, and Putnam Investments (collectively "Putnam Defendants" or "Putnam") are or were affiliates.

6. Defendant ITT Hartford Group, Inc. ("ITT Hartford"), was a Delaware corporation with its principal place of business in Connecticut. During and after the transactions at issue in this proceeding, ITT Hartford changed its name to The Hartford Financial Services Group, Inc. ("Hartford Financial"). a Delaware corporation with its principal place of business in Connecticut. ITT Hartford and Hartford Financial did and do business under the name, "The Hartford."

7. Defendants Hartford Securities Distribution Company, Inc. ("Hartford Securities"), Hartford Life Insurance Company ("Hartford Insurance"), and ITT Hartford Life and Annuity Insurance Company ("ITT Hartford Annuity") are Connecticut corporations with their principal places of business in Connecticut. Defendant Hartford Life, Inc. ("Hartford Life"), is a Delaware corporation with its principal place of business in Connecticut. Before and during the transactions at issue in this proceeding, ITT Hartford Annuity changed its name to Hartford Life and Annuity Insurance Company (together "Hartford Annuity").

8. Hartford Securities, Hartford Insurance, Hartford Annuity, and Hartford Life are or were subsidiaries of Hartford Financial (collectively "Hartford Defendants" or "Hartford").

9. FSC, Putnam Mutual, Putnam Retail, and Hartford Securities are or were broker-dealers and members of the National Association of Securities Dealers, Inc. ("NASD").

10. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. All Defendants are or were North Carolina residents in that they regularly and continuously have had agents in North Carolina, including in this District, and regularly and continuously have participated in the sale of Putnam, Hartford, or other products to North Carolina residents, including to residents of this District.

12. In 1997 and 1998, the Putnam and Hartford Defendants were engaged in a joint venture to sell Putnam Hartford Capital Manager variable annuities ("Putnam Hartford annuities") nationwide in North Carolina and elsewhere, including to North Carolina citizens such as the Plaintiff. FSC was an agent for the Putnam and Hartford Defendants and participated in the joint venture. All acts of each Defendant and each Defendant's agents in carrying out this joint venture are chargeable to the other Defendants.

13. At the time of the transactions at issue in this proceeding, Scott B. Hollenbeck ("Hollenbeck") was a licensed Hartford agent, with Hartford license number 0-33-0720, and was a registered representative of FSC. Hollenbeck also was a Putnam agent, *inter alia* because Putnam had authorized him to sell Putnam Hartford annuities offered by Putnam that included Putnam mutual funds, and Putnam profited as a result of Hollenbeck's sales activities.

14. Prior to becoming an agent of the Defendants, Hollenbeck stole thousands of dollars from Fairhaven Baptist Church in Chesterton, Indiana. He stole from the church's Sunday night offerings, took gifts designated to the church by others, and stole food and other

4

items from the church bookstore and snack shop. He admitted that he was a liar and that he had told thousands of lies over the years to cover his misdeeds.

15. Hollenbeck's prior employer, The Prudential Insurance Company of America ("Prudential"), reported on his Form U-5 to the NASD that he had submitted bogus business and committed alleged forgeries. Hollenbeck had used his home address for insureds' applications. Prudential further disclosed that the policyholders were made whole by the firm. These disclosures were available to the Defendants on the Central Registration Depository maintained by the NASD. Defendants negligently failed to investigate these disclosures.

16. By virtue of his position as a stockbroker and Hartford agent and because he knew or should have known about the Plaintiff's mentally weakened condition, Hollenbeck had fiduciary duties to his client, the Plaintiff. In addition, the elderly, unsophisticated, and mentally weakened Plaintiff had a fiduciary relationship of trust and confidence in Hollenbeck.

17. Plaintiff's son died in June 1997, and Plaintiff received payments from her son's life insurance policies. Hollenbeck recommended and, on September 23, 1997, induced the Plaintiff to use part of the life insurance proceeds to purchase a $120,000 Putnam Hartford annuity. The annuity application reflects that ITT Hartford, Putnam Investments, and Hartford Insurance were issuers of the annuity, and FSC was a broker-dealer involved in the transaction. Plaintiff's first account statement was issued by Putnam Investments and Hartford Life with the slogan "Bring it On," and reflects that Hollenbeck was an FSC representative. Plaintiff also received a Putnam Variable Annuity Bulletin, reflecting that the Putnam Hartford annuity was issued by Hartford Annuity and Hartford Insurance, underwritten by

5

Hartford Securities, and offered by Hartford Life, Putnam Investments, and Putnam Mutual. Plaintiff's funds were in fact invested in the Putnam Hartford annuity and were split within the annuity between two Putnam mutual funds. (See attached **Exhibit "1."**)

18. On October 22, 1997, Plaintiff signed another Putnam Hartford annuity application, again reflecting that the annuity was offered by Putnam and Hartford and that the broker-dealer was FSC. Hollenbeck induced her to liquidate her Equitable of Iowa policy and invest the proceeds in a $70,000 Putnam Hartford annuity on November 24, 1997. He provided her with a annuity payment schedule on Hartford and Putnam stationary. (See attached **Exhibit "2."**) On or about October 22 and November 24, 1997, at Plaintiff's home in Lewisville, North Carolina, Hollenbeck misrepresented that the funds would be invested in the Putnam Hartford annuity. Contrary to his representations which Hollenbeck made with the intent to deceive, Hollenbeck did not invest the funds in the annuity, and he instead converted the $70,000 to his own use.

19. Hollenbeck used the same procedure to convert Plaintiff's funds at least four more times–for $30,000 on December 4, 1997, for $59,637.83 on January 21, 1998, for $19,473.05 on May 19, 1998, and for $31,625.11 on August 26, 1998. Hollenbeck prepared and Plaintiff signed Putnam Hartford annuity applications reflecting that FSC was the broker-dealer, and he provided her with payment schedules or memoranda on Putnam Hartford stationary. (See attached **Exhibit "3."**) On each occasion, at Plaintiff's home in Lewisville, Hollenbeck misrepresented that her funds would be invested in the Putnam Hartford annuity. Contrary to his misrepresentations which Hollenbeck made with the intent to deceive,

6

Hollenbeck did not invest her funds in the annuity, and he instead converted the funds to his own use.

20. At all times, Plaintiff believed that Hollenbeck was acting on behalf of the FSC, Putnam, and Hartford Defendants. Hollenbeck was an agent of and was authorized to act on behalf of the FSC, Putnam, and Hartford Defendants in recommending and selling the Putnam Hartford annuity. He had both the appearance of authority and actual authority to recommend and sell the Putnam Hartford annuity to the Plaintiff. FSC, Putnam, and Hartford also violated their duty to supervise Hollenbeck. All misrepresentations, omissions, and other acts of Hollenbeck in connection with the offer or sale of Putnam Hartford annuities to the Plaintiff are chargeable to the Defendants under such doctrines as agency, apparent authority, licensing, respondeat superior, and negligent supervision.

21. Hollenbeck made monthly payments to the Plaintiff until 2005, and he concealed his fraud by continuously and fraudulently misrepresenting that Plaintiff's funds had been invested in Putnam Hartford annuities. Plaintiff believed these misrepresentations.

22. When the payments stopped, Plaintiff asked Hartford and Putnam to verify the existence of her funds. In 2006, a Hartford Annuity representative responded on behalf of Putnam Investments and Hartford Life that the funds had not been invested in a Putnam Hartford annuity. The representative said that, if Plaintiff had further questions, she should contact Putnam or Hartford Life. (See attached **Exhibit "4."**)

## COUNT I

## FRAUD

23. Plaintiff realleges and incorporates paragraphs 1-22 above, as if fully contained herein.

24. On or about October 22, 1997, November 24, 1997, December 4, 1997, January 21, 1998, May 19, 1998, and August 26, 1998, Defendants, acting through Hollenbeck, at Plaintiff's home in Lewisville, North Carolina, falsely represented that Plaintiff's funds would be invested in Putnam Hartford annuities. These representations were reasonably calculated to deceive, were made with the intent to deceive, did in fact deceive, and resulted in damage to the Plaintiff.

25. Defendants are responsible for Hollenbeck's actions alleged herein under such doctrines as agency, apparent authority, licensing, respondeat superior, and negligent supervision.

WHEREFORE, Plaintiff respectfully requests the award of compensatory damages with interest, costs, and such other relief as is deemed necessary and proper.

## COUNT II

## VIOLATION OF NORTH CAROLINA TRADE PRACTICES ACT

26. Plaintiff realleges and incorporates paragraphs 1-25 above, as if fully contained herein.

27. By intentionally misrepresenting to Plaintiff that her funds would be invested in Putnam Hartford annuities and by using her funds instead for his own purposes, Hollenbeck

committed unfair or deceptive acts or practices in or affecting commerce which injured Plaintiff.

28. Under North Carolina law, annuities are a form of insurance and are excluded from the definition of a security under the securities laws. N.C.G.S. §§ 58-7-15(2), 78A-2(11). Hollenbeck's actions and omissions were unfair and deceptive as defined in N.C.G.S. § 58-63-15(1), (2), and violated N.C.G.S. § 58-63-10.

29. Defendants are responsible for Hollenbeck's actions alleged herein under such doctrines as agency, apparent authority, licensing, respondeat superior, and negligent supervision.

**WHEREFORE,** Plaintiff requests the award of statutory damages under N.C.G.S. § 75-16, reasonable attorneys' fees pursuant to N.C.G.S. § 75-16.1, interest, and such other relief as is deemed proper and necessary.

## COUNT III

## CONVERSION

30. Plaintiff realleges and incorporates paragraphs 1-29 above, as if fully contained herein.

31. Plaintiff provided Hollenbeck with access to her funds, with the expectation that he would invest her funds in Putnam Hartford annuities. Without authority, however, Hollenbeck exercised the right of ownership over these funds belonging to the Plaintiff to the exclusion of her rights in these funds, when he used the funds himself and did not invest them in Putnam Hartford annuities.

9

32. Defendants are responsible for Hollenbeck's actions alleged herein under such doctrines as agency, apparent authority, licensing, respondeat superior, and negligent supervision.

WHEREFORE, Plaintiff respectfully requests the award of compensatory damages with interest, costs, and such other relief as is deemed necessary and proper.

## COUNT IV

## BREACH OF FIDUCIARY DUTY

33. Plaintiff realleges and incorporates paragraphs 1-32 above, as if fully contained herein.

34. By virtue of his position as a stockbroker and agent for the Plaintiff, Hollenbeck was a fiduciary as a matter of law.

35. Hollenbeck also was the elderly Plaintiff's fiduciary as a matter of fact, because Plaintiff's mental faculties were declining, she was not experienced in investment matters, she had a special relationship of trust and confidence in him, and he had a corresponding domination and influence over her actions.

36. Hollenbeck breached this fiduciary duty by misrepresenting that he would invest Plaintiff's funds in Putnam Hartford annuities, when he intended to and did in fact keep her funds for his own use, thereby causing damages.

37. Defendants are responsible for Hollenbeck's actions alleged herein under such doctrines as agency, apparent authority, licensing, respondeat superior, and negligent supervision.

10

WHEREFORE, Plaintiff respectfully requests the award of compensatory damages with interest, costs, and such other relief as is deemed necessary and proper.

## COUNT V

## NEGLIGENCE

38. Plaintiff realleges and incorporates paragraphs 1-37 above, as if fully contained herein.

39. As Plaintiff's broker and agent, Hollenbeck owed Plaintiff a duty of care to handle her funds in accordance with her desires. Hollenbeck breached that duty by using her funds for his own purposes rather than transmitting them to the Putnam and Hartford Defendants. This breach actually and proximately caused injury to the Plaintiff, resulting in damages.

40. As Plaintiff's broker and agent, Hollenbeck owed Plaintiff a duty of care to prepare with reasonable care information for her use in investing her funds. Plaintiff justifiably relied to her detriment on Hollenbeck's information, prepared without reasonable care, that he would invest her funds in Putnam Hartford.

41. Hollenbeck stole from his church. Hollenbeck's prior employer, Prudential, reported to the NASD that Hollenbeck had submitted bogus business and committed alleged forgeries. In view of these facts, Defendants knew or reasonably could have known that Hollenbeck was unfit for his position. Despite Hollenbeck's unfitness for his position, Defendants nevertheless negligently hired and retained him as their agent, and Plaintiff suffered injury as a result.

42.     As Hollenbeck's employers, principals, and controlling persons, and by virtue of their position as broker-dealers, insurance companies, and entities responsible for the investment of the funds of individuals such as the Plaintiff, Defendants had a duty to the Plaintiff to supervise Hollenbeck. Defendants also had a duty to supervise Hollenbeck, because Defendants knew or should have known about Hollenbeck's past misdeeds, such as his misconduct at Prudential and his thefts from his church. Defendants breached these duties by failing to supervise Hollenbeck properly. This breach actually and proximately caused injury to the Plaintiff, resulting in damages.

43.     Defendants are responsible for Hollenbeck's actions alleged herein under such doctrines as agency, apparent authority, licensing, respondeat superior, and negligent supervision.

WHEREFORE, Plaintiff respectfully requests the award of compensatory damages with interest, costs, and such other relief as is deemed necessary and proper.

## COUNT VI

## BREACH OF CONTRACT

44.     Plaintiff realleges and incorporates paragraphs 1-43 above, as if fully contained herein.

45.     Defendants, acting through Hollenbeck, entered into contracts with Plaintiff in which they promised to make payments in return for her investments in Putnam Hartford annuities. These contracts have been breached, because Plaintiff is not receiving the promised payments.

12

WHEREFORE, Plaintiff respectfully requests the award of the payments she was promised, together with interest, costs, and such other relief as is deemed necessary and proper.

## COUNT VII

### MONEY HAD AND RECEIVED

46. Plaintiff realleges and incorporates paragraphs 1-45 above, as if fully contained herein.

47. Hollenbeck obtained funds from the Plaintiff which he cannot equitably and in good conscience retain.

48. Defendants are responsible for Hollenbeck's actions alleged herein under such doctrines as agency, apparent authority, licensing, respondeat superior, and negligent supervision.

WHEREFORE, Plaintiff respectfully requests a refund of her funds with interest, costs, and such other relief as is deemed necessary and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court system.

>Respectfully Submitted,
>
>GOODMAN & NEKVASIL, P.A.
>
>/s/ Joel A. Goodman
>Joel A. Goodman, Esq.
>Florida Bar No. 0802468
>14020 Roosevelt Blvd., Suite 808
>P.O. Box 17709
>Clearwater, Florida 33762
>Telephone: 727-524-8486
>Facsimile: 727-524-8786
>Attorney *Pro Hac Vice* for Plaintiff

F:\WPDATA\User01\McKee Court\PLEADINGS\Complaint First Amended